## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **MICHAEL A. WILSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00177 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **R. MULLINS, ET AL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Michael A. Wilson, Pro Se Plaintiff; Timothy E. Davis, Assistant Attorney General, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Defendants.*

The plaintiff, Michael A. Wilson, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, complaining that prison officials tainted his hygiene materials with mace.  Some defendants have filed an answer to Wilson's complaint, while Warden White has filed a Motion to Dismiss, to which Wilson has responded.  After review of the record, I conclude that Warden White's Motion to Dismiss must be granted.

I.

Wilson, who is confined at Red Onion State Prison (Red Onion), alleges the following sequence of events.  On August 24, 2022, Red Onion officers moved Wilson out of his cell after he received a disciplinary charge.  Defendants Mullins,

Holland, Bower, and Perry removed Wilson's personal property and returned it to him the next day.  Wilson alleges that while these defendants were in possession of his property, they mixed oleoresin capsicum (OC) spray into Wilson's hygiene items.  When Wilson applied prayer oil and petroleum jelly to his body, he soon experienced "severe burning" of his skin for which he sought medical attention. Compl. ¶ 17, ECF No. 1. He examined his hygiene products and discovered a liquid substance that he asserts was "consistent with OC security spray."  *Id.*

Wilson contends that as the Warden of Red Onion, defendant White was responsible for implementing rules and procedures and ensuring that staff followed them.  Wilson filed a grievance stating that officers had put mace into his hygiene products after he was removed from his cell on August 24, 2022.  White responded to the grievance, stating that the incident was "still under investigation."  *Id.* ¶ 15. Wilson appealed White's response to the Regional Administrator, who construed White's response as a finding that the grievance was unfounded and upheld that ruling.  Wilson asserts that White was "aware of the issues," related to the OC spray being placed in his property items, but White "failed to provide proper remedies." *Id.* ¶ 9.

## II.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does

not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To survive a motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).[1] "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff

---

[1]  I have omitted internal quotation marks, citations and/or alterations, here and throughout this Opinion, unless otherwise noted.

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Wilson does not allege that defendant White was personally involved in or responsible for mixing OC spray into Wilson's hygiene items. Rather, Wilson contends that White, as a supervisory official, is responsible for the conduct of other Red Onion employees and their alleged misconduct. As stated, White cannot be held liable vicariously under § 1983 for the misdeeds of his subordinates. Thus, Wilson's claim against White appears to be under the theory of supervisory liability — based on "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). To state a supervisory liability claim, Wilson must state facts showing:

> (1) that the supervisor had actual or constructive knowledge that [his] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff;
>
> (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and
>
> (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014). "A supervisor's continued inaction in the face of documented widespread abuses . . . provides an independent basis for finding he either was deliberately indifferent or acquiesced in

the constitutionally offensive conduct of his subordinates." *Slakan*, 737 F.3 at 373. Pointing to "a single incident or isolated incidents" does not satisfy the plaintiff's burden of proof in a supervisory liability claim. *Id.*

Wilson's allegations against White do not provide a factual basis to meet these legal requirements. Wilson points to only the one incident of officers allegedly lacing an inmate's property items with OC spray. He fails to state facts about any prior, similar incident or that White knew of any such incident and failed to take corrective action to prevent such abuses. Thus, Wilson has not stated a plausible supervisory liability claim against White.

Wilson's complaint about White's grievance response also cannot support a § 1983 claim. Because "inmates have no constitutional entitlement or due process interest in access to a grievance procedure," an inmate "cannot bring a § 1983 claim alleging denial of a specific grievance process." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Moreover, merely "ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation." *Brown v. Va. Dep't of Corr.*, No. 6:07-CV-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009). For the reasons stated, I will grant defendant White's Motion to Dismiss.

III.

Based on the foregoing, it is hereby **ORDERED** as follows:

-5-

1. Defendant Warden White's Motion to Dismiss, ECF No. 13, is GRANTED, and the Clerk shall terminate White as a party to this action; and

2. Defendants Mullins, Holland, Bower, and Perry, having filed only an Answer, are DIRECTED to file any motion for summary judgment within thirty days from the entry of this Order, or the case will be set for a jury trial in the Abingdon Division of the court.

ENTER:   October 25, 2023

/s/  JAMES P. JONES
Senior United States District Judge